### In re ARNOLD et al.

#### (Circuit Court, S. D. New York. May 6, 1891.)

1. CUSTOMS DUTIES—ACT OCT. 1, 1890.
     Construction of paragraphs 392 and 396 of Schedule K.
2. SAME—WOOLEN UNDERWEAR.
     Completed articles of woolen underwear *held* to be dutiable as "articles of wearing apparel," and not as "knit fabrics."
3. SAME.
     If they are knit fabrics, they are also wearing apparel, and their use is determinative of the proper rate of duty to be assessed thereon under said act; it being shown that there are other "knit fabrics," well known in trade and commerce, bought and sold by the yard and in the piece, and not made up into completed articles for wear.

At Law. Appeal from decision of board of United States general appraisers.

Arnold, Constable & Co., of the city of New York, imported certain merchandise by the steamer Alaska on October 13, 1890, consisting of

woolen or worsted undershirts, drawers, hosiery, etc., upon which the collector of the port of New York assessed duty at the rate of 49½ cents per pound and 60 per cent. *ad valorem*, under the provisions of paragraph 396 of the tariff act of October 1, 1890. Paragraph 396 reads as follows:

"On clothing, ready made, and articles of wearing apparel of every description, made up or manufactured wholly or in part, not specially provided for in this act, felts not woven, and not specially provided for in this act, and plushes and other pile fabrics,—all the foregoing, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, the duty per pound shall be four and one-half times the duty imposed by this act on a pound of unwashed wool of the first class, and, in addition thereto, sixty per centum *ad valorem*."

Against this classification of duty the importers protested, claiming that their goods were properly dutiable as "knit fabrics" at the rate of 44 cents per pound and 50 per cent. *ad valorem*, under the provisions of paragraph 392 of the act of October 1, 1890, which reads as follows:

"On woolen or worsted cloths, shawls, knit fabrics, and all fabrics made on knitting machines or frames, and all manufactures of every description made wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, not specially provided for in this act," etc.

An appeal was duly taken by the importers to the board of United States general appraisers, under the provisions of the act of June 10, 1890. The board of general appraisers reversed the decision of the collector, and sustained the protest of the importers. The collector thereupon took proceedings for a review of the decision of the board of general appraisers in the United States circuit court. The board of general appraisers duly filed their return, in which they found and returned— *First*, that the merchandise embraced in the invoice, and made the subject of protest, are stockings, socks, undershirts, and drawers, composed wholly or in part of wool or worsted; *second*, that said goods were made upon knitting machines or frames; *third*, that said stockings, socks, undershirts, and drawers are knit fabrics; *fourth*, that the phrase "knit fabrics," as used in paragraph 392, Schedule K, Act Oct. 1, 1890, is one of commercial designation, and was such at the time of the passage of said act, and was then, and is now, understood in trade and commerce to include all articles which were knit either by hand or by knitting machines or frames, whether completed or in the piece; *fifth*, that the phrase "knit fabrics" is also one of common knowledge, and is popularly known to be the kind of goods covered by the invoice and protest in this case. In their findings and opinion they also found that the articles under consideration are "wearing apparel," and would be admitted free of duty as such under paragraph 752 of the free list, if accompanying and in use by a passenger arriving in this country from abroad, as readily as his coat, his vest, or his pantaloons would be.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for collector.

*William B. Coughtry* and *Alexander P. Ketchum*, for importers.

LACOMBE, Circuit Judge, (*orally.*) These articles are of course within the broad, general meaning of the phrase "wearing apparel," and, unless they are, by other language in the act, taken out of that category, the original assessment of duty by the collector was correct. It is claimed that they are thus excepted by reason of the circumstance that, in the paragraph containing the enumeration of articles of wearing apparel, there appear the words, "not specially provided for by this act;" and, also, elsewhere, (to-wit, in paragraph 392,) a rate of duty upon "woolen and worsted cloth, shawls, knit fabrics, all fabrics made on knitting machines or frames, * * * not specially provided for in this act." I am very strongly of the opinion, in view of the dropping of the phrase "except knit goods" from the paragraph in the old act referring to articles of wearing apparel, and in view of the change of the phrase "knit goods" to "knit fabrics" in paragraph 392, that the word "fabrics," as used therein, relates to the piece goods or the unassembled pieces out of which garments are made; but I do not put the decision of this case upon that ground. If the articles here are "knit fabrics," it also appears quite clearly that there is another and very large group of "knit fabrics," which are illustrated before us here by Exhibits K, L, Q, etc., which are emphatically piece goods of various sizes and shapes. There are certainly two large groups, then, of knit fabrics. Now the exception in paragraph 396—the one dealing with articles of wearing apparel —is of articles *specially* provided for elsewhere in the act. In view of the fact that the words "knit fabrics," if they cover these articles, cover articles suitable for wearing apparel and articles not suitable at all for wearing apparel, I cannot see that it is one bit more specific than the phrase "articles of wearing apparel." There seems very little difference between two such phrases as to relative specificness. It is difficult to determine, as between them, which is the general and which is the specific; but I am inclined to the conclusion which I have heretofore expressed in the *Fertilizer Case*, [*Heller* v. *Magone*, 38 Fed. Rep. 908,] that that phrase is the more specific one which determines the rate of duty on an individual article by the specific use to which that particular article is put. Therefore, as between these two paragraphs, 392 and 396, (assuming that these articles are "knit fabrics" for the purpose of deciding this case;) I have reached the conclusion that the more specific paragraph is 396, and that the articles are dutiable as wearing apparel. The result of that will be to reverse the decision of the board of appraisers, and determine the specification of the merchandise to be as stated, to-wit, wearing apparel, under paragraph 396.